UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LATANYA HAYWOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21-cv-2329-JWB-TJJ |
| | ) |
| STATE OF KANSAS, et al., | ) |
| | ) |
| Defendants. | ) |

**NOTICE AND ORDER TO SHOW CAUSE**

TO THE PLAINTIFF:

On April 27, 2022, the undersigned magistrate judge entered an order directing that within 30 days Plaintiff must (1) file an amended complaint identifying all Defendants she intends to include as parties to this action and obtain from the Clerk's office a summons for each, or (2) serve all Defendants named in her original complaint with summons and complaint and file a proof of service for each Defendant. ECF No. 14. On May 27, 2022, Plaintiff filed both an amended complaint which names several new Defendants (ECF No. 15), and a motion seeking leave to amend her complaint (ECF No. 16).[1] The record does not indicate Plaintiff has obtained a summons or filed a proof of service for any Defendant, even after receiving multiple opportunities and direction to do so. This case has been on file for more than ten months, and Plaintiff has done nothing to bring any defendant before the court.

---

[1] The Clerk's office contacted Plaintiff concerning the motion to amend her complaint, which the Court had previously authorized. Plaintiff stated she was aware of the authorization but wanted to file the motion. The Court now denies the motion as moot.

But a more fundamental issue must be addressed, which is whether federal court jurisdiction exists to hear Plaintiff's claims. Plaintiff's amended complaint names 29 Defendants, both individuals and entities, many of whom she purports to sue in an individual, official, and personal capacity. But neither version of the complaint includes an address for any Defendant. In her original complaint using the court's form for pro se plaintiffs, Ms. Haywood checked all the boxes listed on the form for federal court jurisdiction: diversity of citizenship (28 U.S.C. § 1332), federal question (28 U.S.C. § 1331), and civil rights (28 U.S.C. § 1343), without explaining why jurisdiction exists under each.[2] Her amended complaint leaves blank all entries on the court's form complaint, and the attached pages do not address jurisdiction.

The court has an obligation to consider whether it has subject matter jurisdiction to hear and resolve any action. Federal courts are courts of limited jurisdiction and may exercise jurisdiction only when authorized.[3] "A court lacking jurisdiction . . . must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."[4] Moreover, the court has a duty to raise and resolve subject matter jurisdiction even if the existence of jurisdiction is not challenged by a party.[5]

In support of diversity jurisdiction, Plaintiff asserts she is a citizen of the State of Missouri. She alleges Defendants State of Kansas and the City of Kansas City, Kansas are citizens of the State of Kansas or are corporations incorporated under the laws of the State of

---

[2] ECF No. 1 at 2-3. Plaintiff also checked "other" as a basis of jurisdiction and wrote: "Gross Negligence, Conspiracy, Collusion, Discrimination, Intentional Infliction of Emotional Distress, Assault & Battery." These are causes of action and not bases for the court's jurisdiction.

[3] *Pfuetze v. Kansas*, 2010 WL 3892243, at *3 (D. Kan. Sept. 29, 2010).

[4] *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[5] *Id*. at 873.

Kansas. The court's form includes a sentence for plaintiffs who claim diversity jurisdiction that the matter in controversy, exclusive of interest and costs, exceeds $75,000. Plaintiff did not mark through that sentence.

Diversity jurisdiction requires that the matter in controversy exceed $75,000 and is between citizens of different states.[6] The citizenship of a business entity is determined by its organizational structure. If the business is a corporation, it is a citizen of the state where it is incorporated and the state where its principal place of business is located.[7] If the business is a limited liability company, its citizenship is determined by the citizenship of each member of the LLC.[8] If the business is a limited partnership, its citizenship is determined by the citizenship of each partner.[9]

Plaintiff has not identified the State in which any named corporate Defendant is incorporated or has its principal place of business, the identity or citizenship of each member of the named LLCs, the identity or citizenship of each partner in the named Defendants that are limited partnerships, nor the State in which each named individual Defendant is a citizen. The

---

[6] 28 U.S.C. § 1332(a).

[7] 28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013).

[8] *See* Siloam Springs Hotel, LLC v. Century Sur. Co., 781 F.3d 1233, 1234 (10th Cir. 2015) ("Like every other circuit to consider this question, this court concludes an LLC, as an unincorporated association, takes the citizenship of all its members."); *see also Birdsong v. Westglen Endoscopy Ctr., LLC*, 176 F. Supp. 2d 1245, 1248 (D. Kan. 2001).

[9] *See Watkins v. Terminix Intern. Co., Ltd. P'ship*, 976 F. Supp. 1397, 1398 (D. Kan. 1997) (whether limited partnership has citizenship which is diverse from that of plaintiff depends on citizenship of respective partners).

determination of whether diversity jurisdiction exists for an action is generally made from the complaint.[10] In this instance, it appears unlikely that diversity jurisdiction exists for this case.

It also appears no federal court jurisdiction exists for the second ground Plaintiff claims, federal question. Plaintiff does not provide a citation to a provision of the United States Constitution or any federal law or treaty upon which she bases her claim. Finally, no federal court jurisdiction is apparent for the third ground Plaintiff claims, which is violation of her civil rights. To maintain a federal civil rights claim, a plaintiff "must establish that defendants deprived [her] of a right premised in the Constitution or federal laws and that they achieved such deprivation while acting under color of law."[11] Other than checking the box on the complaint form indicating that federal court jurisdiction is founded on the basis of a federal question or an alleged civil rights violation, Plaintiff makes no mention of either. Plaintiff's complaint does not allege how her civil rights were violated, nor does it articulate what protected right Defendants allegedly violated.

**IT IS THEREFORE ORDERED** that Plaintiff is hereby required to show good cause in writing to the Honorable John W. Broomes, United States District Judge, on or before **June 27, 2022**, why this action should not be dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

---

[10] *Bair v. Peck*, 738 F. Supp. 1354, 1356 (D. Kan. 1990).

[11] *Doe v. Bagan,* 41 F.3d 571, 573–74 (10th Cir. 1994). Federal civil rights actions are brought under 42 U.S.C. § 1983. Federal court jurisdiction for such actions is conferred by 28 U.S.C. § 1343. "Section 1343 authorizes jurisdiction over certain civil rights claims, but does not create any independent substantive cause of action." *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1270 (D. Kan. 2008). *See also Lewis v. Stevenson,* 123 Fed.App'x 885, 886 (10th Cir.2005) (Section 1343 merely jurisdictional statute and does not create cause of action).

4

Dated in Kansas City, Kansas on this 13th day of June, 2022.

$\hspace{6cm}$ /s/ Teresa J. James
$\hspace{6cm}$ Teresa J. James
$\hspace{6cm}$ U. S. Magistrate Judge