## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| LATANYA HAYWOOD | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:21-cv-02329-JWB-TJJ |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| CAPITAL BLUE CROSS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO DISMISS OR, IN THE ALTERNATIVE,
MOTION TO QUASH SERVICE, OR IN THE ALTERNATIVE,
MOTION FOR MORE DEFINITE STATEMENT, OF
DEFENDANTS CAPITAL BLUE CROSS AND TODD A. SHAMASH
AND MEMORANDUM OF LAW IN SUPPORT**

Defendants Capital Blue Cross ("CBC") and Todd A. Shamash ("Mr. Shamash") (collectively, "Defendants")[1] respectfully request the Court issue an order dismissing Plaintiff LaTanya Haywood's ("Plaintiff") Amended Complaint with prejudice for failure to state a claim under Fed. R. Civ. P. 12(b)(6), insufficient process and service of process under Fed. R. Civ. P. 12(b)(4-5), lack of personal jurisdiction under Fed. R. Civ P. 12(b)(2), and lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1), or in the alternative, quashing service of process on CBC and/or Mr. Shamash and requiring that Plaintiff effect service in accordance with the Federal Rules of Civil Procedure, or in the alternative, requiring that Plaintiff make a more definite statement under Fed. R. Civ. P. 12(e).

In support thereof and as its memorandum pursuant to Local Rule 7.1(a), CBC and Mr.

---

[1] The docket lists "Todd A. Shamash" as the named-defendant and only Mr. Shamash is listed in the Clerk's docket entry dated July 26, 2022, identifying the responsive pleading deadline. However, the Summons that was purportedly served on Mr. Shamash identifies Capital Blue Cross, not Mr. Shamash, as the defendant. The Summons only reads that it was sent to the attention of Mr. Shamash but it does not name Mr. Shamash as a defendant. For these reasons, even though defendant does not believe Mr. Shamash is/should be a named defendant in this case, out of an abundance of caution undersigned counsel is filing this motion on behalf of both CBC and Mr. Shamash.

Shamash state as follows:

## INTRODUCTION

Plaintiff filed the Complaint on July 27, 2021 (ECF No. 1). The Complaint named "John Doe Insurance Companies" as an additional defendant but did not specifically name CBC or Mr. Shamash. On December 2, 2021, The Court issued an Order to Show Cause requiring that Plaintiff show good cause why Plaintiff's case should not be dismissed without prejudice because service of the Summons and Complaint had not been made upon any defendant within 90 days from the filing fee payment (ECF No. 10). On March 7, 2022, the Court made a docket entry granting Plaintiff a 45-day extension of time, until April 21, 2022, in which to serve summons and her complaint on each defendant (ECF No. 12). On April 20, 2022, Plaintiff filed a Motion for Extension of Time to Issue Summons (ECF No. 13).

On April 27, 2022, the Court entered an Order granting the extension of time requested by Plaintiff and requiring that "[w]ithin thirty (30) days of the date of this Order, Plaintiff shall (1) file an amended complaint identifying all Defendants she intends to include as parties to this action, and shall obtain from the Clerk's office a summons for each, or (2) serve all current Defendants with summons and complaint and file a proof of service for each Defendant." (ECF No. 14). Plaintiff did not serve each defendant with a summons and complaint and file a proof of service for each defendant within 30 days. Instead, on May 27, 2022, Plaintiff filed an Amended Complaint (ECF No. 15). The Amended Complaint identifies Mr. Shamash as a defendant but not CBC.

On June 13, 2022, the Court entered Orders requiring that Plaintiff show good cause before June 27, 2022, why the action should not be dismissed for lack of subject matter jurisdiction and also denying Plaintiff's Motion to Amend Complaint (ECF Nos. 17, 18). On July

26, 2022, Plaintiff filed a certified mail receipt that was addressed as follows: "Att: CEO Todd A. Shamash, Capital Blue Cross, P.O. Box 779519, Harrisburg, Pa 17177." (ECF No. 45). In the signature section is states "Signature on File with USPS 17107." (ECF No. 45).

As stated in more detail below, the Summons that CBC received in the mail identifies CBC as the Defendant. It includes a copy of the original Complaint, not the Amended Complaint. It is addressed to Mr. Shamash's attention, but Mr. Shamash is not named as a defendant in the original Complaint. CBC is listed as the defendant in the Summons but is not identified as a defendant in the docket and is not named in the Complaint or the Amended Complaint. While it is unclear which pleading is even the operative pleading, this case should be dismissed for Plaintiff's repeated deficiencies in both pleading and service. In the alternative, service of CBC and/or Mr. Shamash should be quashed. In the alternative, Plaintiff should be required to make a more definite statement as the pleading served on Mr. Shamash and/or CBC is so vague and ambiguous (i.e., fails to even name either party) that they cannot reasonably prepare a response.[2]

## LEGAL ARGUMENT

The Amended Complaint does not identify CBC as a defendant (ECF No. 15). However, because the Summons sent to CBC containing a copy of the original Petition lists CBC as the defendant, out of an abundance of caution, this motion is filed on behalf of both CBC and Mr. Shamash.

### A. The Amended Complaint Fails to State a Claim Against CBC and Mr. Shamash

Under Federal Rule 12(b)(6), dismissal is warranted where the non-conclusory factual allegations of the complaint fail to "state a claim to relief that is plausible on its face." *See Bell Atl.*

---

[2] The Amended Complaint, i.e., the operative pleading, is also so vague and ambiguous that CBC nor Mr. Shamash cannot reasonably prepare a response. CBC is not named in the Amended Complaint. Mr. Shamash is listed in the Amended Complaint but there are no allegations whatsoever stating Mr. Shamash's involvement or relationship, if any (which CBC and Mr. Shamash deny), to the facts alleged.

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Twombly*, 550 U.S. at 556. "Conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.3d 1106, 1110 (10th Cir. 1991). For a claim to survive a Rule 12(b)(6) challenge, the petition must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

"While a pro se litigant's pleadings are held to less stringent standards, they must nevertheless comply with the same procedural rules as other litigants." *Bannister v. Coronado Fin. Inc.*, No. 07-620, 2008 U.S. Dist. LEXIS 42379, at *21-22 (D.N.M. Jan. 17, 2008) (citing *Barnes v. United States,* 173 Fed. Appx. 695, 697 (10th Cir. 2006) (citing *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994), *cert. denied* 514 U.S. 1048, 115 S. Ct. 1423, 131 L. Ed. 2d 306 (1995); *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992), *cert. denied* 507 U.S. 940, 113 S. Ct. 1336, 122 L. Ed. 2d 720 (1993)).).

Under Rule 8(a)(2), a plaintiff must make a short and plain statement of the grounds for the court's jurisdiction and must set forth plausible claims "animating the elements of her causes of action." *See Burnett v. Mortg. Elec. Registration Sys.*, 706 F.3d 1231, 1236 (10th Cir. 2013); *Dill v. Comenity Bank/Sports Auth.*, No. 13-1321, 2014 U.S. Dist. LEXIS 19087, at *1 (W.D. Okla. Feb. 13, 2014) (granting the motion for more definite statement and ordering plaintiff to file a complaint that satisfies Fed. R. Civ. P. 8(a)). Plaintiff's Amended Complaint does neither. The Complaint does not list CBC as a party and the only paragraph which references or relates to Mr. Shamash is Paragraph 23 which states: "CEO Todd A. Shamash, is being sued in their individual,

official, personal and supervisory capacity for failing and/or refusing to protect Plaintiff from harm and injury by conspiring with other Defendants or tortfeasors." See Amended Complaint ¶ 23.

There are four conclusory statements made at the outset of the Amended Complaint (i.e., Paragraphs 1-4) but they do nothing more than state mere conclusions and generally reference "Defendants" as a group. See Amended Complaint ¶¶ 1-4. These conclusory statements, without more, are not sufficient to state a claim against CBC or Mr. Shamash. Plaintiff cannot "lump" the defendants together without clarifying which acts the individual defendants were alleged to have committed, and doing so, is in violation of Fed. R. Civ. P. 8(a)'s pleading requirements. *See e.g., Hart v. Salois*, 605 F. App'x 694, 701 (10th Cir. 2015) (upholding district court's dismissal of complaint for failure to comply with Rule 8 because the pleading only contained "collective allegations against the defendants that failed to clarify which acts the individual defendants were alleged to have committed to give rise to the various claims against them").

**B. Process and Service of Process were Insufficient as to CBC and Mr. Shamash and Therefore, the Court Lacks Personal Jurisdiction over the Parties**

"Effectuation of service is a precondition to suit." *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998). "A Rule 12(b)(4) motion constitutes an objection to the form of process or the content of the summons rather than the method of its delivery." *Oltremari by McDaniel v. Kansas Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1349 (D. Kan. 1994). "A Rule 12(b)(5) motion ... challenges the mode or lack of delivery of a summons and complaint." *Id.* "When [a] defendant challenges the sufficiency of service of process, the burden of proof is on the plaintiff to show the adequacy of service." *Id.* Where a defendant does not formally waive service of process, under federal civil procedure rule, and preserves its defense of insufficient service, a plaintiff should be required to comply with some prescribed method of service. *See Fisher v. Lynch*, 531 F. Supp. 2d 1253 (D. Kan. 2008).

There are numerous service deficiencies with the purported service of CBC and/or Mr. Shamash. Due to the high number of deficiencies and violations of various rules, it is easiest to present them to the Court through a table:

| Type of Deficiency | Rule | Application of Rule to Service of CBC and Mr. Shamash[3] |
|---|---|---|
| Defective Summons | Fed. R. Civ. P. (4)(a)-(b)<br><br>"A summons must…(B) be directed to the defendant; …(F) be signed by the clerk; and (G) bear the court's seal." Fed. R. Civ P. 4(a).<br><br>"[T]he clerk must sign, seal, and issue it to the plaintiff for service on the defendant." Fed. R. Civ P. 4(b).<br><br>"A summons—or a copy of a summons that is addressed to multiple defendants—must be issued for each defendant to be served." Fed. R. Civ P. 4(b). | • The Summons purportedly served on Mr. Shamash is directed to CBC. *See* Exhibit 1 ¶ 3, Ex. A. p. 1. Therefore, the Summons is not directed to the defendant purportedly named.<br><br>• The Summons is not signed by the clerk and does not bear the court's seal. *See* Exhibit 1 ¶ 3, Ex. A. p. 1.<br><br>• The clerk did not sign and issue the Summons. *See* Exhibit 1 ¶ 3, Ex. A. p. 1.<br><br>• There was not a separate summons issued to both CBC and Mr. Shamash (to the extent Plaintiff purports to have served both CBC and Mr. Shamash – which is unclear from her filings). *See* Exhibit 1 ¶ 3, Ex. A. p. 1.<br><br>• The docket does not reflect that summonses were ever even requested by Plaintiff or issued by the clerk. *See* Docket.<br><br>• A complaint may be dismissed where there is a technical defect in the summons. |
| Failure to Serve Operative Complaint | "A summons must be served with a copy of | • The pleading purportedly served on Mr. Shamash was a copy of the original complaint rather than the |

---

[3] An affidavit of Michael Wolfe, Associate General Counsel for CBC, is attached hereto as Exhibit 1. A copy of the Summons received by CBC is attached to Exhibit 1 as Exhibit A.

6

| | | |
|---|---|---|
| | the complaint." Fed. R. Civ P. 4(c)(1). | Amended Complaint. *See* <u>Exhibit 1</u> ¶ 4, Ex. A. pp. 2-7.<br><br>• The original complaint does not even name CBC or Mr. Shamash as a defendant. *See* <u>Exhibit 1</u> ¶ 4, Ex. A. pp. 2-7.<br><br>• It is unclear whether CBC and/or Mr. Shamash should respond to the original Complaint or the Amended Complaint. |
| Insufficient Service | Service may be made by "[a]ny person who is at least 18 years old and <u>not a party</u> may serve a summons and complaint." Fed. R. Civ P. 4(c)(2). | • Plaintiff was the individual who attempted to serve CBC and/or Mr. Shamash, as reflected on the envelope sent to Mr. Shamash and/or CBC. See <u>Exhibit 1</u> ¶ 5, Ex. A. p. 8. Her name and address are listed as the sending address.<br><br>• As a party to the lawsuit, Plaintiff may not herself serve the summons and complaint. |

Plaintiff purports to have served Mr. Shamash (and potentially CBC) but the only documents received by CBC were an invalid summons and an outdated complaint that did not name Mr. Shamash nor CBC as defendants and failed to provide CBC and Mr. Shamash with any actual notice of the claims asserted against them. *See Murray v. Sevier*, 145 F.R.D. 563, 25 Fed. R. Serv. 3d (Callaghan) 620, 1993 U.S. Dist. LEXIS 5137 (D. Kan. 1993) (claims subject to dismissal where no summons was issued in connection with complaint served on defendant, complaint served on defendant was superseded by amended complaint, and defendant did not enter appearance or otherwise consent to jurisdiction).

### C. This Court Lack Subject-Matter Jurisdiction

This Court has already on one occasion required that Plaintiff show cause as to why this matter should not be dismissed due to lack of subject matter jurisdiction. (ECF No. 17). Despite these jurisdictional issues, the Amended Complaint contains no jurisdictional allegations whatsoever and fails to even identify the citizenship of the parties. *See* Amended Complaint. Plaintiff has not asserted adequate facts demonstrating the amount in controversy, diversity in citizenship, or a federal question at issue, and therefore, has not pleaded adequate grounds for subject-matter jurisdiction in this Court.

### D. In the Alternative, Service Should be Quashed as to CBC and Mr. Shamash

If the Court does not dismiss the action due to the service of process deficiencies outlined in Paragraph B, *supra*, service of CBC and/or Mr. Shamash should be quashed, and Plaintiff should be required to serve CBC and Mr. Shamash in accordance with the Federal Rules of Civil Procedure.

### E. In the Alternative, Plaintiff Should be Required to Make a More Definite Statement

"Under Federal Rule of Civil Procedure 12(e), [a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." *See May v. Rottinghaus Co., Inc.*, 394 F. Supp. 3d 1334, 1338 (D. Kan. 2019) (internal quotations omitted). "Requiring a more definite statement is also appropriate when addressing unintelligible or confusing pleadings." *See id.* "Whether to grant or deny . . . a motion [for more definite statement] lies within the sound discretion of the court." *See Graham v. Prudential Home Mortg. Co., Inc.*, 186 F.R.D. 651, 653 (D. Kan. 1999).

The Amended Complaint utterly fails to comply with Rule 8 of the Federal Rules of Civil Procedure. Additionally, the Amended Complaint generally refers to the 'Defendants' as a group but does not state the claims or facts surrounding each specific defendant – nor does it allege facts as to why each defendant is named in the claim. There is no indication which person or entity Plaintiff is claiming performed a given action. CBC nor Mr. Shamash can possibly prepare a responsive pleading to these vague allegations containing grouping defendants together without identifying the link, relationship, or connection between the defendants or to the claim set forth. Accordingly, Plaintiff should be required to amend her Amended Complaint to state her claims more definitively such that CBC and/or Mr. Shamash can prepare a responsive pleading.

WHEREFORE, Defendants Capital Blue Cross and Todd A. Shamash respectfully the Court for an order dismissing Plaintiff LaTanya Haywood's Amended Complaint with prejudice for failure to state a claim under Fed. R. Civ. P. 12(b)(6), insufficient process and service of process under Fed. R. Civ. P. 12(b)(4-5), lack of personal jurisdiction under Fed. R. Civ P. 12(b)(2), and lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1), or in the alternative, quashing service of process on CBC and/or Mr. Shamash and requiring that Plaintiff effect service in accordance with the Federal Rules of Civil Procedure, or in the alternative, requiring that Plaintiff make a more definite statement under Fed. R. Civ. P. 12(e); for its costs and attorney's fees incurred herein; and for such other relief the Court deems just and proper.

Respectfully submitted,

*/s/ Casey P. Murray*
Casey P. Murray          KS Bar No. 22189
SPENCER FANE LLP
1000 Walnut Street, Suite 1400
Kansas City, MO  64106
Telephone:  (816) 474-8100
Facsimile:  (816) 474-3216
cmurray@spencerfane.com
ATTORNEY FOR
DEFENDANTS CAPITAL BLUE CROSS
AND TODD A. SHAMASH

DA 3293254.1

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 23rd day of August, 2022, a copy of the above and foregoing has been filed electronically with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

      */s/ Casey P. Murray*
      Attorney for Defendants

DA 3293254.1