IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LATANYA HAYWOOD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 2:21-cv-02329-JWB-TJJ |
| | ) |
| **CHRISTOPHER AVILA, MD** | ) |
| | ) |
| **Defendant.** | ) |

## DEFENDANT CHRISTOPHER AVILA, MD'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND INCORPORATED MEMORANDUM IN SUPPORT

COMES NOW, Defendant Christopher Avila, MD, by and through his undersigned counsel, and hereby respectfully requests the Court to issue an order dismissing Plaintiff's Amended Complaint with prejudice pursuant to Fed. R. of Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, Fed. R. of Civ. P. 12(b)(2) for lack of personal jurisdiction, Fed. R. of Civ. P. 12(b)(4) for insufficient process, Fed. R. of Civ. P. 12(b)(5) for insufficient service of process, Fed. R. of Civ. P. 12(b)(1) for lack of subject matter jurisdiction and as barred by the statute of limitations. In support of his Motion to Dismiss, pursuant to Local Rule 7.1(a), Defendant Avila states as follows:

### INTRODUCTION

On July 27, 2021, Plaintiff LaTanya Haywood filed a pro se Complaint against several Defendants. Doc. 1. On March 7, 2022, the Court entered an order granting Plaintiff a 45-day extension of time, in which to serve summons and her complaint on each Defendant and to file proofs of service. Doc. 12. On April 27, 2022, the Court entered an order granting Plaintiff an additional 30-day extension to file an Amended Complaint identifying all Defendants and to serve all current Defendants with summons and her complaint as well as to file proofs of service. Doc.

14. On May 27, 2022, Plaintiff filed an Amended Complaint naming Defendant Avila for the first time among twenty-eight additional Defendants. Doc. 15.  On June 30, 2022, Plaintiff purports to have served Defendant Avila with summons and her Amended Complaint via certified mail. Doc. 22.

In her Amended Complaint, Plaintiff alleges that on July 17, 2016, she fell off a ride at Schlitterbahn Amusement Waterpark in Kansas City, Kansas and accidentally ingested a large amount of water into her lungs and injured her hip. Doc. 15 at ¶ 1.  She alleges that following this incident, she never received adequate medical care and treatment and was never compensated for her injuries. Doc. 15 at ¶ 2.  Specifically, Plaintiff's Amended Complaint states that Defendant Avila "is being sued in his individual, official and personal capacity for failing and/or refusing to protect Plaintiff from harm and injury by conspiring with other Defendants or tortfeasors." Doc. 15 at ¶ 30.

## ARGUMENT

### I.   FAILURE TO STATE A CLAIM

Plaintiff's claims against Defendant Avila should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  In order to state a claim, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim that relief is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.   However, pleadings stating mere "labels and conclusions," "formulaic recitation[s] of the elements of a cause of action", or "naked assertions" devoid of

"further factual enhancement" will not suffice. *Iqbal,* 556 U.S. at 678.  Conclusory statements are not entitled to the presumption of truth. *Id.* at 678-79.

Plaintiff's Amended Complaint contains a mere four factual allegations that do not amount to anything more than legal conclusions.  Even when liberally construed in her favor, a plausible claim does not exist.  The four allegations are as follows:

1. This case involves Plaintiff's injuries that she incurred at the Schlitterbahn Amusement Waterpark in Kansas City, Kansas on July 17, 2016. She fell off a ride and inadvertently ingested a large amount of Kristal River water into her lungs and injured her hip during this accident.

2. Plaintiff has never received adequate medical care and treatment, nor have the Defendant compensated [sic] her for her serious medical injuries with actual or punitive damages.

3. Based on the supervisory Defendants' failure to protect Plaintiff from harm and injury, inferior Defendants were permitted to continue to operate a substandard amusement park that caused or resulted in Plaintiff's permanent and serious medical injuries.

4. Further, despite Plaintiff's medical insurance and hospitalization, medical Defendants failed and/or refused to provide her adequate and sufficient medical assistance, attention and treatment despite being aware of Plaintiff's serious medical and physical condition ending in the denial of a necessary hip replacement with a debilitating condition.

Doc. 15 at ¶¶ 1-4.

As seen in Plaintiff's allegations outlined above, Plaintiff does not identify any basis for why Defendant Avila would be liable for her injuries.  She does not allege what duty Defendant Avila owed to her, any description of a breach of said duty, any causal connection between Defendant Avila's conduct and Plaintiff's injury, or any statement of damages that arose or could arise from Defendant Avila's conduct.  The only paragraph that even mentions Defendant Avila's name states "Christopher Avila, is being sued in his individual, official and personal capacity for failing and/or refusing to protect Plaintiff from harm and injury by conspiring with other Defendants or tortfeasors." Doc. 15 at ¶ 30.  This is nothing more than a naked assertion without

3

any supporting factual allegations demonstrating how Defendant Avila failed to protect her from harm. As such, Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted against Defendant Avila and should be dismissed.

## II.  LACK OF PERSONAL JURISDICTION, INSUFFICIENT PROCESS, AND INSUFFICIENT SERIVCE OF PROCESS

Plaintiff's claims against Defendant Avila should be dismissed under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction, 12(b)(4) for insufficient process, and 12(b)(5) for insufficient service of process. Before a Court can exercise personal jurisdiction over a defendant, a plaintiff must validly serve a defendant with process. *See Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998). A Rule 12(b)(4) motion constitutes "an objection to the form of process or the content of the summons," while a motion made under Rule 12(b)(5) "challenges the mode or lack of delivery of a summons and complaint." *Oltremari by McDaniel v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1349 (D. Kan. 1994) (internal citations omitted).

### A. Defective Summons

A summons must be signed by the clerk and bear the court's seal. Fed. R. Civ. P. 4(a). After filing the complaint, Plaintiff may present the summons to the clerk for signature and seal, and if it "is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant." Fed. R. Civ. P. (4)(b).

Here, the summons purportedly served on Defendant Avila was not signed by the clerk and did not bear the Court's seal. *See* Ex. A.1 at p. 1. Additionally, according to the case's docket, the clerk did not sign and issue summons regarding any Defendant at any time. The summons purportedly served on Defendant Avila did not have the proper contents and was not properly issued as required by Federal Rule of Civil Procedure 4.

4

### B. Failure to Serve Operative Pleadings

A validly issued summons must be served on a defendant with a copy of the complaint. Fed. R. Civ. P. 4(c)(1); *See Murray v. Sevier*, 145 F.R.D. 563, 576 (D. Kan. 1993) (complaint dismissed where no summons was issued in connection with complaint served on defendant, complaint served on defendant was not the operative complaint, and defendant did not consent to jurisdiction).

Here, Plaintiff failed to serve Defendant Avila with a copy of the operative pleading. In addition to an unsigned and unsealed summons, Plaintiff mailed Defendant Avila a copy of the Original Complaint, instead of the operative pleading, the Amended Complaint. *See* Ex. A.1, p. 2-7. The Original Complaint does not even name Defendant Avila as a Defendant. *Id*. As Plaintiff mailed an invalid summons and an outdated complaint that did not even name Defendant Avila as a party to the lawsuit, Plaintiff failed to provide him with any actual notice of the claims asserted against him.

### C. Invalid method of service

Service on an individual is governed by Rule 4(e) of the Federal Rules of Civil Procedure, which states as follows:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
>   (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
>   (2) doing any of the following:
>
>       (A) delivering a copy of the summons and of the complaint to the individual personally;

      (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

      (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Kansas law pertaining to service of process on an individual is governed by K.S.A. 60-304(a), which states that service may be obtained "by serving the individual or by serving an agent authorized by appointment or by law to receive service of process." K.S.A. 60-304(a). If service is done by return receipt delivery, it "must be addressed to an individual at the individual's dwelling or usual place of abode and to an authorized agent at the agent's usual or designated address." *Id*. Only after attempted service at the individual's usual place of abode is refused or unclaimed, as proven by filed return of service so indicating, may service be obtained at the individual's business address. *See id*.

In this case, the docket indicates that Plaintiff filed one return receipt regarding Defendant Avila, which was addressed to Saint Luke's Hospital, 4401 Wornall, Kansas City, Missouri 64111. Doc. 22, p. 1. There is no indication that Plaintiff ever attempted to serve Defendant Avila personally, serve him at his residence or serve an authorized agent. Additionally, the business address where Plaintiff purports to have served Defendant Avila is not the business address where he primarily works. As stated in his Affidavit, Defendant Avila primarily practices at Saint Luke's East Hospital, located at 100 NE Saint Luke's Boulevard, Suite 350 Lee's Summit, Missouri 64086. Ex. A, ¶ 2. As such, service was not properly effectuated under federal or Kansas law.

### D. Invalid Proof of Service

A signed proof of service is prima facie evidence of valid service; however, an unsigned proof provides no presumption of valid service on a defendant. *See Oltremari*, 871 F. Supp. at

6

1349-50.  Here, as evidence of service, Plaintiff filed a United Stated Certified Mail return receipt and a proof of service.  Doc. 22.  However, Plaintiff's proof of service fails to include any signature or printed name of the person who served the summons.  On its face, Plaintiff's proof of service is deficient.

Additionally, the information regarding the method of service is deficient.  The box stating "I served the summons on *(name of individual)* _____, who is designated by law to accept service of process on behalf of *(name of organization)* _____" is checked, indicating that service was made through a representative. Doc. 22, p. 2.  However, where prompted to fill in the name of the individual with whom process was left, the server lists "Christopher Avila St. Luke's Hospital," and where prompted to identify the name of the organization for which the individual is authorized to accept service, the server listed "United States Postal Service" followed by a tracking number. *Id*.  This information is insufficient and provides for an invalid proof of service.

### E.  Service was Untimely

As seen above, Plaintiff failed to properly serve Defendant Avila for a myriad of reasons.  However, even if the Court were to accept that proper service was obtained, the service was untimely.  According to Federal Rule of Civil Procedure 4(m), the Court must dismiss an action on a defendant's motion or on its own after notice to the plaintiff if a defendant is not served within 90 days after the Complaint is filed.

Here, Plaintiff filed her Original Complaint on July 27, 2021. Doc. 1.  She received extensions to properly serve the Defendants on March 7, 2022, and April 27, 2022. Docs. 12 and 14.  Under F.R.C.P. 4(m) and the extensions she had been granted, the last day for Plaintiff to serve Defendant Avila was May 27, 2022. *See* Doc. 14.  Despite the Court's judicial leniency,

Plaintiff did not serve Defendant Avila until June 30, 2022, more than 30 days after the deadline set by the Court's second extension. Doc. 22.  Therefore, Plaintiff's purported service on Defendant Avila was untimely and the Court must dismiss Plaintiff's claims.

### III.  LACK OF SUBJECT-MATTER JURISDICTION

Plaintiff's Amended Complaint fails to assert facts demonstrating amount in controversy, diversity of citizenship or a federal question at issue.  In fact, the Amended Complaint contains no jurisdictional allegations whatsoever.  Therefore, Plaintiff's claims against Defendant Avila should be dismissed for lack of subject matter jurisdiction.

### IV.  BARRED BY THE STATUTE OF LIMITATION

Plaintiffs claims against Defendant Avila are barred by the statute of limitations in both Kansas and Missouri.  Under Kansas law, an action for medical malpractice must be brought within two years from the date of the alleged act. Kan. Stat. Ann. § 60-513.  Under Missouri law, an action of medical malpractice must also be brought within two years from the date of the alleged act. RSMo. § 516.105.  In her Original and Amended Complaint, Plaintiff alleges that her injuries occurred on July 17, 2016. Doc. 1 and 15.  While there are no dates associated with any treatment Plaintiff received from Dr. Avila, Plaintiff did not file her original complaint until July 27, 2021, five years after her alleged injury. Doc. 1.  Additionally, Defendant Avila was not named as a Defendant in this suit until Plaintiff filed her Amended Complaint on May 27, 2022, nearly six years after her alleged injury. Doc. 15.  Plaintiff failed to bring her medical malpractice claim within the statute of limitations under both Kansas and Missouri law.  As such, her action is barred.

WHEREFORE, Defendant Avila respectfully requests the Court to issue an order dismissing Plaintiff's Amended Complaint with prejudice pursuant to Fed. R. of Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, Fed. R. of Civ. P. 12(b)(2) for lack of

personal jurisdiction, Fed. R. of Civ. P. 12(b)(4) for insufficient process, Fed. R. of Civ. P. 12(b)(5) for insufficient service of process, Fed. R. of Civ. P. 12(b)(1) for lack of subject matter jurisdiction and as barred by the statute of limitations; and for such other relief the Court deems just and proper.

Respectfully submitted,

*/s/ Brandon D. Henry*
Brandon D. Henry     KS #21258
Wagstaff & Cartmell LLP
4740 Grand Avenue, Suite 300
Kansas City, MO  64112
816-701-1100
bhenry@wcllp.com
**ATTORNEY FOR DEFENDANT
CHRISTOPHER AVILA, MD**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of September, 2022, I electronically filed the foregoing document on the Court's CM/ECF filing system, thereby sending notice of said filing to all counsel of record in this matter.

/s/ *Brandon D. Henry*
**ATTORNEY FOR DEFENDANT
CHRISTOPHER AVILA, MD**