IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LATANYA HAYWOOD,

        Plaintiff,

v.                                                              Case No. 21-2329-JWB

STATE OF KANSAS, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's response to Magistrate Judge James' order to show cause. (Doc. 20.) After review of Plaintiff's amended complaint and Plaintiff's response to the show cause order, the court finds that this action must be dismissed for lack of subject matter jurisdiction.

**I.**     **Facts and Procedural History**

On July 27, 2021, Plaintiff filed this action against the State of Kansas, the City of Kansas City, Kansas, Wyandotte County, Schlitterbahn Waterpark management, Nicholas Hinrichs, Cedar Fair Management Company, St. Luke's Hospital, and John Doe Insurance Companies. (Doc. 1.) Plaintiff alleged that she is a citizen of Missouri and that the first and second named Defendants are citizens of Kansas. Plaintiff failed to identify the citizenship of the remaining Defendants. Plaintiff alleged that she suffered severe injuries at the Schlitterbahn amusement park. She further alleged that the park was being operated in "collusion & conspiracy with state, county and city actors in violation of constitutional protections and rights by violating administrative regulatory procedures and rules." (*Id.* at 3.) Plaintiff alleged that this court had jurisdiction under 28 §§ 1331, 1332, 1343, and because of "gross negligence, conspiracy, collusion discrimination,

1

intentional infliction of emotional distress, assault & battery." (Doc. 1 at 3.) Although Plaintiff initially moved to proceed in forma pauperis, Plaintiff ultimately paid the filing fee after her motion was denied. (Docs. 5, 8.)

On December 2, Magistrate Judge James issued an order to show cause after Plaintiff failed to serve Defendants. (Doc. 10.) In response to the show cause order, Plaintiff stated that she had been evicted from her residence and sought additional time to effect service. (Doc. 11.) Magistrate Judge James found that Plaintiff had shown good cause for an extension of time to serve Defendants. (Doc. 12.) On April 20, 2022, Plaintiff sought another extension to serve Defendants and also asked to add Defendants. (Doc. 13.) Plaintiff's motion was granted and she was allowed additional time to file an amended complaint and serve Defendants. (Doc. 14.) On May 27, Plaintiff filed her amended complaint. (Doc. 15.)

Plaintiff's amended complaint utilized this court's form civil complaint. Plaintiff, however, did not complete the paragraphs regarding citizenship and jurisdiction. (*Id.*) In her amended complaint, Plaintiff alleges that she was injured at Schlitterbahn on July 17, 2016. She states that she fell off a ride and ingested a large amount of water which resulted in various injuries. Plaintiff claims that she never received adequate medical care and treatment for her injuries, that "supervisory Defendants" failed to protect her, Defendants continued to operate a substandard amusement park, and that the medical Defendants failed to provide proper attention and treatment for her injuries. Plaintiff then includes a list of several Defendants. The list of Defendants does not add any further allegations of fact but generally states that Defendants failed to protect Plaintiff, failed to supervise, and conspired with other Defendants. Defendants include the State of Kansas, Saint Luke's Hospital, and 27 other entities and individual Defendants (including two individuals who appear to be Kansas state district court judges). (*Id.* at 4–7.)

After reviewing her amended complaint, Magistrate Judge James issued an order requiring Plaintiff to show cause why her amended complaint should not be dismissed for lack of jurisdiction. Magistrate Judge James noted that Plaintiff's amended complaint fails to identify her basis for this court's jurisdiction and fails to identify the citizenship of the individual Defendants and the corporate Defendants. (Doc. 17 at 2-3.) The order further stated that although Plaintiff indicated that her amended complaint was based on violations of her constitutional rights and her civil rights, Plaintiff failed to identify those specific rights and how they were violated. Also, although Plaintiff was provided multiple opportunities to serve Defendants and was ordered to obtain a summons for each Defendant by May 27, 2022, the record did not reflect that Plaintiff had done so. (*Id.* at 1–2.)

On June 27, in response to the show cause order, Plaintiff states that she thought that this court (through the United States Marshal) would serve Defendants and that she was now trying to perfect service on all Defendants in compliance with the court's order. Plaintiff further states that this court has jurisdiction under § 1332 because this action involves "citizens of different states, which creates a foreign state and the controversy exceeds the sum or value of $75,000." (Doc. 20 at 2.) Plaintiff, however, again fails to provide the citizenship of Defendants. Plaintiff also asserts that her complaint alleges "civil rights or constitutional violations under Amendments Five, Six, Seven, Eight, Nine, Thirteen and Fourteen." (*Id.*) Plaintiff cites generally to Title VII and also states that she is "protected under the color of law under Titles 18 U.S.C. [§] 242, 28 U.S.C. [§] 1343 and 42 U.S.C. [§§] 1982, 1983, 1985, 1986 and 1987." (Doc. 20 at 2.)

With respect to the State of Kansas, Plaintiff contends that Kansas was aware that Schlitterbahn was violating state law by continuing to operate an unsafe and substandard amusement park and failed to regularly conduct inspections or order repairs of faulty rides.

Plaintiff then states that "supervisory Defendants" failed to train, supervise, or discipline subordinate Defendants and that the supervisory Defendants were aware of Schlitterbahn's constitutional, regulatory, and statutory violations but failed to close the park or address the violations. Plaintiff, however, makes no attempt to explain who the supervisory Defendants are. Plaintiff asserts that she is suing the medical Defendants, which include a hospital, medical practices, and several doctors, for failing to provide treatment, denying equal protection, discrimination, and being deliberate indifferent to her medical needs. (*Id.* at 3–4.) Plaintiff states that she is suing the Defendant insurance companies for denying her medical claims and not paying her bills in violation of "due process, equal protection, fundamental fairness and freedom from cruel and unusual punishment." (*Id.* at 4.) Plaintiff also seeks leave to amend if the court finds her response and amended complaint insufficient.

The record reflects that Plaintiff returned summons for several Defendants on July 14. (Docs. 21–35.) Notably, several Defendants were served in Missouri. (*See, e.g.*, Docs. 21, 22, 23, 24, 29, 30.) Numerous Defendants have moved for dismissal on the following grounds: lack of subject matter and personal jurisdiction; insufficient service of process; the amended complaint fails to state a claim; and because Plaintiff's claims are barred by the statute of limitations. (Docs. 38, 40, 42, 43, 50, 53, 59, 61, 62, 63, 65, 67.) For the reasons stated herein, the court finds that Plaintiff's amended complaint fails to establish this court's jurisdiction over this matter.

**II.  Standard**

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005). Plaintiff has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citing *Kokkonen v.*

4

*Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Because Plaintiff proceeds pro se, the court construes her filings liberally, as required, but may not act as her advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**III.    Analysis**

    **A.    Diversity Jurisdiction**

Plaintiff has not plead diversity jurisdiction and based on the return addresses in several summonses, it appears that she cannot plead diversity jurisdiction. Diversity jurisdiction requires complete diversity of citizenship between all plaintiffs and all defendants, and the amount in controversy must exceed $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a); *see also Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) ("[D]iversity jurisdiction exists only if no plaintiff and no defendant are citizens of the same state...."). A "party invoking diversity jurisdiction bears the burden of proving its existence by a preponderance of the evidence." *Middleton*, 749 F.3d at 1200. "To determine whether a party has adequately presented facts sufficient to establish federal diversity jurisdiction, ... courts must look to the face of the complaint, ... ignoring mere conclusory allegations of jurisdiction.... The party seeking the exercise of jurisdiction in [her] favor must allege in [her] pleading the facts essential to show jurisdiction." *Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (internal citations and quotations omitted).

Here, the amended complaint is devoid of any facts regarding citizenship. Although Plaintiff was on notice that her pleading was defective, she made no effort to cure that deficiency in her response and her argument that diversity jurisdiction exists here is nonsensical. Moreover,

5

based on her initial complaint, Plaintiff has alleged that she is a citizen of Missouri and it appears that several Defendants were served in Missouri. (*See, e.g.*, Docs. 21, 22, 23, 24, 29, 30.) Therefore, it is doubtful that Plaintiff could cure this defect even if given the opportunity.

The court finds that Plaintiff has failed to establish that the parties are diverse.

### B. Federal Question

Next, Plaintiff's amended complaint alleges that her claims involve inadequate medical care and treatment, a failure to protect from injury, and denial of medical care related to her injuries at Schlitterbahn Waterpark on July 17, 2016. (Doc. 15 at 4.) Although these claims sound in negligence, Plaintiff's amended complaint fails to identify the grounds on which her claims rest. In her initial complaint, Plaintiff had generally alleged that her constitutional rights had been violated and also stated that her claims were based on negligence, conspiracy, discrimination, assault, and intentional infliction of emotional distress. (Doc. 1 at 3.)

In response to the order to show cause, Plaintiff asserts her amended complaint alleges violations of her civil rights and several constitutional amendments. (Doc. 20 at 2.) Plaintiff also cites generally to Title VII and states that she is "protected under the color of law under Titles 18 U.S.C. [§] 242, 28 U.S.C. [§] 1343 and 42 U.S.C. [§§] 1982, 1983, 1985, 1986 and 1987." (Doc. 20 at 2.)

Plaintiff's broad assertions and conclusory references to federal laws are not sufficient to create subject-matter jurisdiction over this lawsuit. It is not enough to simply refer to a federal statute to establish subject-matter jurisdiction. *See Blume v. Los Angeles Superior Cts.*, 731 F. App'x 829, 830 (10th Cir. 2018) ("Here, Plaintiff's largely incoherent complaint listed numerous causes of action arising under federal law and the Constitution (i.e., 42 U.S.C. § 1983, 42 U.S.C. § 1985 and violations of the 1st, 6th, 7th, 8th, and 14th Amendments, and 'ADA of 1990').

6

Plaintiff's undeveloped assertions, however, are insufficient to establish a colorable claim arising under federal law."); *Rodriguez v. Nationwide Homes, Inc.*, 756 F. App'x 782, 785 (10th Cir. 2018) (a "laundry list of statutes without any explanation of how they provide federal-question jurisdiction" does not satisfy Rule 8(a) or establish subject matter jurisdiction); *Adkins v Koduri*, No. 16-4134-DDC-KGS, 2016 WL 5745550, at *2 (D. Kan. Oct. 3, 2016) ("[C]iting [a] number of a federal statute fails to establish subject matter jurisdiction on all accounts, even under the most liberal construction of plaintiff's Complaint.").

Under 28 U.S.C. § 1331, "[f]ederal question jurisdiction must appear on the face of a plaintiff's well-pleaded complaint." *Martinez v. United States Olympic Comm.*, 802 F.2d 1275, 1280 (1986). "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Id.* Plaintiff's response cites to several federal statutes and the constitution, but this is not sufficient as her amended complaint and her original complaint fail to allege sufficient facts to show that this case arises under federal law. Plaintiff has not explained how the facts that she did allege in her amended complaint give rise to a cause of action under the laundry list of federal laws in her response. Rather, Plaintiff's limited facts in her amended complaint sound in negligence against Schlitterbahn and several medical providers. Plaintiff's amended complaint and the response to the show cause order fail to set forth facts that would support a finding that Plaintiff has stated a claim under federal law. Therefore, her amended complaint is subject to dismissal for lack of subject matter jurisdiction.

In conclusory fashion, Plaintiff seeks leave to amend should the court find her amended complaint deficient. (Doc. 20 at 4.) Plaintiff, however, fails to identify how she could correct the deficiencies noted herein. Plaintiff's action sounds entirely in negligence and several parties

7

appear to share the same State of residence as Plaintiff. Moreover, based on arguments raised in the numerous motions to dismiss and to which Plaintiff has failed to respond to, any amendment would likely be futile because of Plaintiff's untimely and insufficient service of process and because her claims are barred the statute of limitations. *See* K.S.A. § 60-513(a)(4); *see also* Docs. 39, 41, 42, 43, 50, 53, 59, 61, 62, 63, 65, 67; *Youngblood v. Qualls*, 308 F. Supp. 3d 1184, 1192 (D. Kan. 2018) (discussing that the court may deny a motion to amend if the proposed amendment would not withstand a motion to dismiss).

**IV.     Conclusion**

This action is DISMISSED FOR LACK OF JURISDICTION. Defendants' motions to dismiss (Docs. 38, 40, 42, 43, 50, 53, 59, 61, 62, 63, 65, 67) are MOOT.

IT IS SO ORDERED. Dated this 3rd day of October, 2022.

                                                                                                   s/ John W. Broomes
                                                                                                   JOHN W. BROOMES
                                                                                                   UNITED STATES DISTRICT JUDGE