IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED
U.S. District Court
District of Kansas

OCT 31 2022

Clerk, U.S. District Court
By ___CA___ Deputy Clerk

| | |
|---|---|
| LATANYA HAYWOOD,<br><br>Plaintiff,<br><br>Vs.<br><br>STATE OF KANSAS, et al.,<br><br>Defendants. | Case No. 21-CV-2329-JWB |

PLAINTIFF'S MOTION TO ALTER OR AMEND
MEMORANDUM AND ORDER OF 3 OCTOBER 2022

COMES NOW Plaintiff LaTanya Haywood (pro se), pursuant to Civil Rule 59(e), moves to alter or amend this Court's Memorandum and Order dated 3 October 2022, to-wit:

I. Preliminary Statement

1. In this case, Plaintiff, a Missouri resident, brought a civil complaint under Title 42 U.S.C., Sections 1983, 1985, 1986, 1987 and 1988.

2. In her civil complaint, she sought invoke subject matter jurisdiction under Title 28 U.S.C., Section 1331, due a diversity of citizenship under 28 U.S.C., Section 1332, regarding constitutional federal questions under 28 U.S.C., Section 1343, where the parties reside in different States and supervisory defendant failed to protect, supervise, control and manage subordinate defendant, and show reckless disregard to plaintiff's safety and welfare by showing a deliberate indifference to her permanent and serious medical harm and needs.

3. In the Memorandum and Order of 3 October 2022, this Court inadvertently overlooks constitutional law dealing with the issues and questions of law involved in this case, specifically, but not limited to: City of Canton v. Harris, 489 U.S.378 (1989); Owens v. City of Independence, 445 U.S. 622 (1980); Estelle v. Gamble, 429 U.S. 97 (1976).

## II. Suggestions

4. In this case, this Court did not provide "liberal construction" to pro se litigants to pro se complaint because they are held to a less stringent standard than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519 (1972).

5. Plaintiff states she is a layperson and is proceeding pro se or without the assistance of a lawyer. Her civil complaint should be provided liberal construction under Haines v. Kerner (1972); Hishon v. King & Spalding, 467 U.S. 69 (1984) and Castro v. United States, 540 U.S. 375 (2003).

6. As to the issue of "diversity of citizenship" under Title 28 U.S. * 1332, Plaintiff meets this requirement because this case involves "citizens of different states," which creates a "foreign state" and the "controversy exceeds the sum or value of $75,000."

8. Plaintiff's claims or complaint also alleges civil rights or constitutional violations under Amendments Five, Six, Seven, Eight, Nine, Thirteen and Fourteen as well as comparable and compatible those same rights protected by state constitution and laws.

9. Under federal law, Plaintiff is protected under the "color of law" un+der Titles 18 U.S.C. * 242, 28 U.S.C. & 1343 and 42 U.S.C. * 1982, 1983, 1985,1986 and 1987.

10. Title VII of the Civil Rights Action of 1964 gives federal protection against discrimination, which include sex, race, color, national origin and age. City of Richmond v. J.A. Croson Company, 488 U.S. 469 (1989) and Mobile v. Bolden, 446 U.S. 55 (1980).

11. Plaintiff states her pro se complaint or claims deals with the State of Kansas having an administrative or regulatory agency or committee in place that oversaw the operation and performance of amusement parks in Kansas; that said administrative or regulatory agency or committee as aware that Schlitterbahn

Waterpark was violating state law by continuing to operate an unsafe and substandard amusement park against statutory and regulatory codes or conditions due to citations after irregular and inconsistent inspections by the failure to direct clean up or repair of faulty equipment or rides.

12. In her Amended Civil Right Complaint, Plaintiff avers that supervisory Defendants failed to train, supervise or discipline subordinate Defendants despite being aware of their dereliction of duty or performance. Defendants' action or inaction is cognizable in a federal court under City of Canton v. Harris, 489 U.S. 378, 388 (1989) and Connick v. Thompson, 563 U.S. 51 (2011).

13. Plaintiff states even though superior or supervisory Defendants were aware of Schlitterbahn's constitutional, regulatory and statutory violations, supervisory and superior Defendants failed to immediately close the amusement park and failed to provide Plaintiff an avenue or remedy to address and correct her remedies or compensate her for the deliberate and intentional infliction for emotional and physical injuries or pain.

14. Plaintiff states she is suing the group of medical Defendants for their deliberate Indifference to serious medical needs, illness or injury, negligence, malfeasance, denial of due process, equal protection, medical care and treatment, and infliction of cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97 (1976).

15. Plaintiff is suing medical doctors (Christopher Avila, Rakesk P. Pureddy, Mohommad Tahboub, Jason D, Bruns, Candio Christine, Adam K. Brunfieldt, Courtney N. Schellpeper, Scott A. Wingerter, David Drethman, and Herbert B. Tanowitz based on deliberate indifference to her medical needs, illness and injury by a failure to provide her any medical care or treatment and by the failure to protect her from further harm and injury creating infliction of cruel and unusual punishment and denying due process and equal protection of the law, and constitutional discrimination.

16. Plaintiff is suing the Defendant Hospital (St. Luke's Hospitals) and their employees for failing to admit and provide her treatment into their hospitals on 13 July 2016, 19 July 2017 and 20 July 2016, which denied equal protection, discrimination and amounted deliberate indifference to her serious medical needs

in violating the Cruel and Unusual punishment Clauses in the state and federal constitutions. See Estelle v. Gamble, supra.

      17.  Plaintiff is suing Defendant Insurance Company (Capital Blue Cross, Ace Property and Casualty Insurance, Chubb Corporate and Socrates Insurance for failing denying medical claims and didn't pay any bills associated with her serious medical injuries in violation of due process, equal protection, fundamental fairness and freedom from cruel and unusual punishment under the state and federal constitutional as well as regulatory and statutory laws.

      18.  Plaintiff is suing Defendant Candio Christine, M. D., of St. Luke's Hospital Orthopedic Service, LLC, for failing to prepare and submit an adequate report regarding her medical disease and injury of Legionnaires pneumonia and right hip injury to the Defendant Insurance Companies in violation of due process, equal protection and fundamental fairness under state and federal constitutions as well as statutory and regulatory laws.

      19.  In the event this Court is not satisfied with this Response to correct any procedural insufficiency regarding Plaintiff's federal constitutional claims, she requests leave to file a second Amended Complaint for clarity of her claims or constitutional violations.

      WHEREFORE, Plaintiff respectfully prays this Honorable Court to: (1) grant leave to file this Response, (2) alter or amend its Memorandum and Order of 3 October 2022, (3) grant leave to file a Third Amended Complaint, (3) grant a hearing in this case (4) grant leave to proceed in forma pauperis and (5) grant any further relief as may deem just and proper under the facts and circumstances of this case.

Respectfully submitted,

*LaTanya Haywood* (signature)
LaTanya Haywood (pro se)
Post Office Box 17776
Kansas City, Missouri 64134

CERTIFICATE OF SERVICE

A copy hereof was hand-delivered and/or mailed, first-class postage prepaid, on this 31st day of October 2022, to: All Attorneys of Record.

*La Kenya Haywood 10-31-22*

L. Haywood, Mailer/Server