IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LATANYA HAYWOOD, | ) |
| Plaintiff, | ) Case No. 2:21-cv-02329-JWB-TJJ |
| v. | ) **JURY TRIAL DEMANDED** |
| SCIO HEALTH ANALYTICS, *et al.*, | ) |
| Defendants. | ) |

**DEFENDANTS SCIO HEALTH ANALYTICS, SOCRATES INC., AND MICHAEL STEPHENSEN'S MOTION TO STRIKE PLAINTIFF'S MOTION TO ALTER OR AMEND THE COURT'S DISMISSAL ORDER**

Defendants SCIO Health Analytics, Socrates Inc., and Michael Stephensen ("Defendants")[1] state the following as their Motion to Strike Plaintiff's Latanya Haywood's ("Plaintiff") Motion to Alter or Amend the Court's October 3, 2022, Memorandum and Order:

**BACKGROUND**

On August 24, 2022, Defendants filed a Motion to Dismiss for Failure to State a Claim, or in the Alternative, Motion to Quash Services, or in the alternative, Motion for More Definite Statement. (Doc. 63.) Highly summarized, Defendants argued that Plaintiff's Amended Complaint failed to state a claim upon which relief could be granted, that Plaintiff's service upon Defendants was insufficient, and that this Court lacked subject matter jurisdiction over Plaintiff's claims. Plaintiff's response to that Motion was due on September 14, 2022, but she failed to respond. On October 3, 2022, this Court dismissed Plaintiff's case against all parties due to lack of subject

---

[1] The docket lists "Michael Stephensen" as the named-defendant and only Mr. Stephensen is listed in the Clerk's docket entry dated July 26, 2022, identifying the responsive pleading deadline. However, the Summons that was purportedly served on Mr. Stephenson identifies SCIO Health, not Mr. Stephensen, as the defendant. The Summons only reads that it was sent to the attention of Mr. Stephensen at Socrates Inc. but it does not name Mr. Stephensen or Socrates Inc. as a defendant. For these reasons, even though defendant does not believe Mr. Stephensen nor Socrates Inc. was/should be named defendants in this case, out of an abundance of caution undersigned counsel is filing this extension of time on behalf of SCIO Health, Socrates, and Mr. Stephensen

1

matter jurisdiction. (Doc. 70.) On October 31, 2022, Plaintiff filed her "Motion to Alter or Amend" the Court's Order of October 3, 2022. (Doc. 72.)

## ARGUMENT

Defendants respectfully ask this Court to strike Plaintiff's Motion to Alter or Amend for the following reasons:

1. Plaintiff's Motion to Alter or Amend should be considered as a motion for reconsideration. The Motion asks this Court to allow her to file another amended complaint and attempts to explain why her case should not have been dismissed. She is functionally requesting reconsideration of an Order this Court issued.

2. Under this Court's Local Rule 7.3, motions for reconsideration are filed pursuant to Fed. R. Civ. P. 59(e) or 60. Plaintiff has not provided any evidence to show why she should be entitled to relief under those Rules.

3. Further, Plaintiff never responded to Defendants' Motion to Dismiss, or—in fact—to any of the various motions to dismiss filed by the myriad defendants in this lawsuit. At no point after filing suit did she respond to any of the arguments.

4. Likewise, her current Motion does not explain how this Court has subject matter jurisdiction over her claims. Conclusory statements and assertions are insufficient to establish subject matter jurisdiction.

5. Of course, Plaintiff's lack of subject matter jurisdiction was only one of the issues raised by Defendants' Motion to Dismiss. Plaintiff's Motion to Alter or Amend does not address her failure to state a claim or her issues with service upon Defendants.

6. All in all, while acknowledging that *pro se* plaintiffs are provided significant leeway with the procedural aspects of litigation, Ms. Haywood's Motion to Alter or Amend does

not even reach that lowered standard. It does not address each of the issues raised by Defendants, and it does not resolve the many procedural and substantive issues with her lawsuit.

7. Finally, since Plaintiff requests leave to file a Third Amended Complaint, Defendants asks that the Court deny that request due to the insufficiency of service and the relevant statute of limitations.

WHEREFORE, Defendants SCIO Health Analytics, Socrates Inc., and Michael Stephensen respectfully ask this Court to deny Plaintiff's Motion to Alter or Amend the Court's Dismissal Order, and for any other such relief as the Court deems necessary and appropriate.

Respectfully submitted,

*/s/ Casey P. Murray*
Casey P. Murray          KS Bar No. 22189
SPENCER FANE LLP
1000 Walnut Street, Suite 1400
Kansas City, MO  64106
Telephone: (816) 474-8100
Facsimile:  (816) 474-3216
cmurray@spencerfane.com
ATTORNEY FOR
DEFENDANTS SCIO HEALTH ANALYTICS, SOCRATES INC., AND MICHAEL STEPHENSON

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of November, 2022, a copy of the above and foregoing has been filed electronically with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Casey P. Murray*
Attorney for Defendants

DA 3338772.1