IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LATANYA HAYWOOD,

        Plaintiff,

v.                                                                      Case No. 21-2329-JWB

STATE OF KANSAS, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's motion to alter or amend. (Doc. 72.) Some Defendants have filed responses in opposition and some have moved to strike Plaintiff's motion. (Docs. 73–81.) For the reasons stated herein, Plaintiff's motion (Doc. 72) is DENIED. Defendants' motions to strike (Docs. 78, 79) are DENIED AS MOOT.

**I.**      **Background**

On July 27, 2021, Plaintiff filed this action against the State of Kansas, the City of Kansas City, Kansas, Wyandotte County, Schlitterbahn Waterpark management, Nicholas Hinrichs, Cedar Fair Management Company, St. Luke's Hospital, and John Doe Insurance Companies. (Doc. 1.) On May 27, 2022, Plaintiff filed an amended complaint. (Doc. 15.)

Plaintiff's amended complaint alleged that she was injured at Schlitterbahn on July 17, 2016, "supervisory Defendants" failed to protect her, Defendants operated a substandard amusement park, and the medical Defendants failed to provide proper attention and treatment for her injuries. (*Id.* at 4.) Plaintiff then included a list of several Defendants including the State of Kansas, Saint Luke's Hospital, and 27 other entities and individual Defendants (including two

individuals who appear to be Kansas state district court judges). (*Id.* at 4–7.) Plaintiff's amended complaint failed to identify the parties' citizenship and the basis for this court's jurisdiction.

After reviewing the amended complaint, Magistrate Judge James issued an order requiring Plaintiff to show cause why her amended complaint should not be dismissed for lack of jurisdiction. On June 27, in response to the show cause order, Plaintiff stated that this court has jurisdiction under § 1332 because this action involves "citizens of different states, which creates a foreign state and the controversy exceeds the sum or value of $75,000," but again failed to assert each Defendant's citizenship. (Doc. 20 at 2.) Notably, the record reflected that several Defendants were served in Missouri. (*See, e.g.*, Docs. 21, 22, 23, 24, 29, 30.)

Plaintiff also asserted that her complaint alleged "civil rights or constitutional violations under Amendments Five, Six, Seven, Eight, Nine, Thirteen and Fourteen." (Doc. 20 at 2.) Plaintiff cited generally to Title VII and also asserted that she was "protected under the color of law under Titles 18 U.S.C. [§] 242, 28 U.S.C. [§] 1343 and 42 U.S.C. [§§] 1982, 1983, 1985, 1986 and 1987." (Doc. 20 at 2.) Numerous Defendants moved for dismissal on several grounds, including lack of subject matter jurisdiction and personal jurisdiction. (Docs. 38, 40, 42, 43, 50, 53, 59, 61, 62, 63, 65, 67.)

On October 3, 2022, the court entered an order finding that Plaintiff had failed to establish that this court had subject matter jurisdiction and dismissed the action. (Doc. 70.) A judgment was entered the same date. (Doc. 71.) The court held that Plaintiff failed to show that this court had diversity jurisdiction because Plaintiff failed to allege the parties' citizenship and based on service, several Defendants appeared to be residents of Missouri, the state of which Plaintiff is allegedly a citizen. (Doc. 1 at 2.) With respect to federal question jurisdiction, the court found that Plaintiff's broad assertions and conclusory references to federal laws were not sufficient to

create subject matter jurisdiction over the action because Plaintiff failed to allege any facts to show that the action arose out of those laws.  (Doc. 70 at 6–7) (citing *Blume v. L.A. Super. Cts.*, 731 F. App'x 829, 830 (10th Cir. 2018); *Rodriguez v. Nationwide Homes, Inc.*, 756 F. App'x 782, 785 (10th Cir. 2018); *Adkins v Koduri*, No. 16-4134, 2016 WL 5745550, at *2 (D. Kan. Oct. 3, 2016) ("[C]iting [a] number of a federal statute fails to establish subject matter jurisdiction on all accounts, even under the most liberal construction of plaintiff's Complaint.")).

Plaintiff now moves to alter or amend this court's memorandum and order, which the court construes as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) or 60, and seeks leave to file a third amended complaint.  (Doc. 72.)

**II.     Standard**

Rule 59(e) of the Federal Rules of Civil Procedure permits a party to request reconsideration of a final judgment.  Such motions may be granted when "the court has misapprehended the facts, a party's position, or the controlling law."  *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citation omitted).  But after entry of judgment the public "gains a strong interest in protecting the finality of judgments."  *Id.*  For that reason, Rule 59 motions are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."  *Id.* (citation omitted).  In other words, the motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of the judgment."  *Id.* (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).

Rule 60 also permits relief from a final judgment in certain circumstances, including "mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule

59(b); fraud[,] ... misrepresentation, or misconduct by an opposing party;" or "any other reason that justifies relief." *See Tyner v. Probasco L., P.A.*, No. 20-2632-EFM, 2022 WL 2802318, at *1 (D. Kan. July 18, 2022) (citing Fed. R. Civ. P. 60(b)). A party may not use Rule 60 to revisit the same issues already addressed. *Id.*

### III.  Analysis

Plaintiff's motion wholly fails to meet the standard under Rule 59(e) or 60. Although Plaintiff asks the court to alter or amend its order and allow her to file an amended complaint, Plaintiff fails to identify any basis for this relief under Rule 59(e) or 60. Plaintiff states that this court "inadvertently overlook[ed] constitutional law" and failed to provide "liberal construction" to her complaint. (Doc. 72 at 2.) Plaintiff's motion, however, fails to explain *how* this court overlooked constitutional law or failed to provide liberal construction to her complaint. After making these conclusory statements, Plaintiff proceeds to recite, almost verbatim, her response to the court's show cause order. (*See* Docs. 20, 72.)

The court declines to address the merits of Plaintiff's assertions set forth in her motion as it has already done so in its prior order. (Doc. 70.) Plaintiff's motion provides no basis to support a finding that this court erred in its ruling. Plaintiff's motion is merely an attempt to relitigate matters that she has already raised in a prior filing, which is an improper basis to grant relief under the rules. *See Nelson*, 921 F.3d at 929.

### IV.  Conclusion

Plaintiff's motion to alter or amend (Doc. 72) is DENIED. Defendants' motions to strike (Docs. 78, 79) are MOOT.

IT IS SO ORDERED.  Dated this 23rd day of November, 2022.

                                         s/ John W. Broomes
                                         JOHN W. BROOMES
                                         UNITED STATES DISTRICT JUDGE