IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LATANYA HAYWOOD,

        Plaintiff,

v.                                                  Case No.  21-2329-JWB

STATE OF KANSAS, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's motion for leave to file an appeal out of time. (Doc. 83.)  Several Defendants have filed responses in opposition. (Docs. 88–95, 97.)  Plaintiff has not filed a reply and the time for doing so has now passed.  For the reasons stated herein, Plaintiff's motion (Doc. 83) is DENIED.

**I.  Background**

On July 27, 2021, Plaintiff filed this action against the State of Kansas, the City of Kansas City, Kansas, Wyandotte County, Schlitterbahn Waterpark management, Nicholas Hinrichs, Cedar Fair Management Company, St. Luke's Hospital, and John Doe Insurance Companies.  (Doc. 1.) On May 27, 2022, Plaintiff filed an amended complaint.  (Doc. 15.)  On June 13, Plaintiff registered as a pro se participant with electronic filing notifications.  (Doc. 19.)  Plaintiff's registration form states that she consented to electronic service of all documents filed in the action. (*Id.*)  As a result, Plaintiff receives all documents filed in the action by email to the address identified on her registration form.

On October 3, 2022, the court entered an order finding that Plaintiff had failed to establish that this court had subject matter and dismissed the action.  (Doc. 70.)  A judgment was entered

1

the same date. (Doc. 71.) Plaintiff timely moved to alter or amend this court's memorandum and order, and sought leave to file a second amended complaint. (Doc. 72.) On November 23, the court denied Plaintiff's motion. On January 17, 2023, Plaintiff filed a notice of appeal to the Tenth Circuit and also filed a motion for leave to file her notice of appeal out of time. (Docs. 83, 84.) On January 20, the Tenth Circuit abated the appeal until this court rules on Plaintiff's motion. (Doc. 87.) Defendants object to Plaintiff's motion on the basis that Plaintiff has failed to show good cause for an extension of time.

**II.     Analysis**

Federal Rule of Appellate Procedure 4(a)(5)(A) allows the district court to extend the time for filing a notice of appeal if "(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether [her] motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A).

Plaintiff has satisfied the first requirement of the Rule. The court denied Plaintiff's motion to alter or amend judgment on November 23, 2022. (Doc. 82.) Plaintiff's time for filing a notice of appeal expired 30 days after entry of the order, or on December 23, 2022. Fed. R. App. 4(a)(1)(A). Rule 4(a)(5)(A)(i) establishes a 30–day grace period for seeking an extension of time to file a notice of appeal after the time for filing has expired. *See Oda v. Transcon Lines Corp.*, 650 F.2d 231, 233 (10th Cir. 1981). The 30–day grace period expires 30 days after the appeal period runs. Fed. R. App. P. 4(a)(5)(A)(i). Here, Plaintiff filed her notice of appeal within 30 days after her time for filing an appeal expired, as Fed. R. App. P. 4(a)(5)(A) requires. (*See* Doc. 84, filed January 17, 2023.)

The second requirement is that Plaintiff has shown excusable neglect or good cause to extend the time for filing a notice of appeal. Fed. R. App. P. 4(a)(5)(A)(ii). Good cause exists "'in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.'" *Bishop v. Corsentino*, 371 F.3d 1203, 1207 (10th Cir. 2004) (quoting Fed. R. App. P. 4(a)(5) advisory committee's note to 2002 amendments). Here, Plaintiff asserts that she can establish good cause because she did not receive "written due process notice" of the court's November 23, 2022, decision "dated and signed" as required by the rules. (Doc. 83.) In response, Defendants argue that Plaintiff received electronic notification of the decision.

After review, the court's electronic record shows that the order was emailed to Plaintiff on November 23, 2022, to her email address of record. (Doc. 82.) Plaintiff's motion, liberally construed, appears to argue that she is entitled to a paper copy of the decision. While Plaintiff is entitled to filings, Plaintiff has consented to receiving electronic copies of those filings. Therefore, the court is not required to mail her a copy of this court's filings. Moreover, Plaintiff does not assert that she did not receive the order by email and the court's records show that she was emailed that order. Further, although Defendants have all raised this issue in their oppositions, Plaintiff has failed to file a reply.

The court finds that Plaintiff has failed to establish good cause to extend the filing deadline.

**III. Conclusion**

Plaintiff's motion to file an appeal out of time (Doc. 83) is DENIED.

IT IS SO ORDERED. Dated this 9th day of February, 2023.

                                                         s/ John W. Broomes
                                                         JOHN W. BROOMES
                                                         UNITED STATES DISTRICT JUDGE